Curia, per Harper, Ch.
The general 'rule is, as contended for, that the plaintiff, at any time before the decree, perhaps before the hearing, may dismiss his bill as of course, upon the payment of costs ; but certainly it cannot be said that the rule is without exception. The exception, stated in general terms, is, that it is within the discretion of the court to refuse him permission to do so, if the dismissal would work a prejudice to the other parties ; and I gather from the cases, compared with each mther, that it is- not regarded as such prejudice to a defendant, that the complainant, dismissing his own bill, may at his pleasure harrass him by filing another bill for the same matter. But whenever, in the progress of a cause, a defendant entitles himself to a decree, either against the complainant or against a co-defendant, and the dismissal would put him to the expense and trouble of bringing a new suit and making his proofs anew, such dismissal will not be permitted.
It is upon this principle that the case of Lashley vs. Hogg, 11 Ves. 602, our own case of Bethia vs. McKay, Cheves Eq. 93, and the other cases there cited, were decided. The complainant is not permitted to dismiss after a decree to.account, or order of reference, though before a final decree — because upon such order being made the defendant will be entitled to a decree if the balance shall be found in his favor.
In the case of Booth vs.-* the plaintiff to a cross bill was not permitted to dismiss, after the original and cross cause had been set down for hearing.
I do not understand this to have been because it was a cross bill; it jvould seem as if the original cause might have gone on as well as if the cross bill had never been filed. It was because it would work a prejudice to the original plaintiff. A case was stated in the cross bill, which enabled the plaintiff to go on with his cause, without making a new party, which he would otherwise have been compelled to do, and have thus been delayed. I gather from the argument that it had been agreed that the evidence taken in one cause should be read in the other. The master of the rolls said that he was, at first, under the impression that a plaintiff might dismiss his bill upon payment of *295 costs at any time, “but upon enquiring into the practice, he found the rule to be otherwise; and it certainly was quite reasonable that the plaintiff ought not to have the power of dismissing his bill, when by so doing he might prejudice the defendant.”
I may observe that in this case a cross bill was actually filed. It was argued, that according to the English practice, a cross bill cannot be filed after publication. But with us, where the taking evidence by commission is an exception to the general practice of taking it before the master, in the presence of the parties or in open court, there is nothing analagous to the English publication.
In Handford vs. Storie, 2 Sim. & Stu. 196* it was held that a creditor suing on behalf of himself and other creditors, might be permitted to dismiss his bill before decree to account; because it was held to be no prejudice to the other creditors, who might sue for themselves. In Curtis vs. Floyd, 4 Myl. & Cr. 194, the question was made solely on the circumstance of the cause being set down for hearing. There was no suggestion of any prejudice to be worked to any one by the dismissal.
The Chancellor says he “ cannot see why a plaintiff should be in a worse situation, because he informs the court that he does not intend to proceed with the cause, than if he made default.” But in this case the plaintiffs have appeared, and on the pleadings and proofs, one defendant has established his right to a decree against his co-defendant. What more has the complainant to do with the matter ? If he has any other remedy which he wishes to prosecute, the court will not restrain him from doing so.
The pvactiee of this court is derived from a different source, and depends upon different principles, from that of a Court of Law.
In the casa of a bill of inter-pleader, after the parties have inter-pleaded, what would be thought of the plaintiff’s motion to dismiss his own bill as of course 1 Yet in justice and on principle this is the same case. The remarks of Lord Eldon in Chamley vs. Dunsany, 2 Sch. & Lef. 718, are appropriate to the case. Speaking of the power of the court to decree between co-defendants, he says “ further, my Lords, a Court of Equity is bound to do so. The defendant chargeable has a right to insist that he shall not be liable to be made a defendant in ano *296 ther suit; for the same matter that may then be decided between him and his co-defendant; and the co-defendant may insist that he shall not be obliged to institute another suit for a matter that may then be adjusted between the defendants.” It would be a reproach to the administration of justice, as said in the case of Bethia vs. McKay, if “ after a defendant has been put to establish his demand, at great expense of time and labor, and of money too, which costs will not reimburse — he should be disappointed of the fruit of his exertions, at the arbitrary will of another.”
The motion is dismissed.
The whole court concurred.

 The Reporter has been unable to find this case.

 7 Eng. Cond. Ch. R. 196.